The Chief Justice
delivered the opinion.
Todd filed his original bill against Clay, Laugltlia’s heirs, 4rc. in which he sets up claim to the land, which is the subject of controversy, under an entry for 12C0 acres, in the name of John Payne. He alledges that the entry has been surveyed according to law and location, and that a patent has issued therefor, and deduces a title to him* self, derived from the patentees He charges that the defendants hold under elder patents, founded on vague entries, and calls upon them to exhibit their titles and prays for relief. Clay answered and exhibited a patent, junior than that under which Todd derived title, and insisted that the remedy against him was at law and not in equity. The process was served upon some of the defendants and not upon others, and none of them appeared or answered. In this state of the case the cause came on to be heard, and it appearing to the court, (as the record states,) that tbe patent under which the complainant claimstfitle to the land in controversy, is of an eider date than that under which the defendants claim. It was decreed that the complainant’s bill be dismissed with costs At a subsequent term of the éourl, Todd filed bis bill of review, staling the former proceedings and decree, and praying for a review and reversal thereof, for the errors apparent upon the face of it, except as to Clay. On a demurrer to this bill the circuit court decreed it to be dismissed, and that decree Todd has appealed to this court.
It is very obvious that the decree, dismissing the origi nal hill, was predicated upon a mistake in supposing that the patent, under which lh« complainant claims, was el- *536 (}»>r than that of the other defendants as well as that of Clay. The other defendants noi having ans wered ot * x-hibited their titles, it. could not nav- appeared ot what date their patents were, and t> was, certain!', qhte irregular 'o ¡tear the cause a* ¡o Jii-'Sr who had not been served with process But. irregular as it was to have heard the cause, and erroneous as was the supposition upon winch the decree was predica ed, still, if, as is contended on the part of the defendants, the original bdl does contain matter which would entitle (he complainant to inequity, (he bill of review cannot be sustained/ ai!£] f|)a¡ ¡,ie orí ⅞⅛ ti a I bill does not contain such matter, ive l'h*nk is clear, fhe equity of the complainant can only sustained upon the ground that the entry under which |1e cIaims is a valid one, and the existence and notoriety of the objects called for by the entry, at its date, are essential its validity. But neither the existence nor tbe notorie-of the objects called for is aüedged in the bill. These may, no doubt, be alieitged in any intelligible lan- : , , .a . „ - .7 . without regard to technical iorm or precision. An allegation from which they might be implied would be deemed sufficient, but in this case there is no such allegation. It is not even alledged that the entry is valid, or that it is special and precise, nor is there any other allegation equivalent thereto.
No can be dered in fa p°,J "attempt inp to set an < ntry, un alleg-sohe'1 entry tobe valid one avers the dentity and notoriety the objects called for.
The decree must therefore be affirmed with costs.-